T.C. Summary Opinion 2003-143

UNITED STATES TAX COURT

MAMADY B. CISSE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11619-02S.          Filed October 1, 2003.

Mamady B. Cisse, pro se.

<u>Timothy F. Salel</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $3,137 in petitioner's

2000 Federal income tax. After concessions by respondent, this Court must decide whether petitioner is entitled to claim the earned income credit even though the alleged qualifying child has a Social Security card that is stamped "NOT VALID FOR EMPLOYMENT".

Some of the facts in this case have been stipulated and are so found. Petitioner resided in San Diego, California, at the time he filed his petition. Section 7491 does not apply because this case involves a legal issue.

On petitioner's 2000 Form 1040, U.S. Individual Income Tax Return, petitioner claimed the earned income credit. Petitioner claimed his nephew, Mohamed Toure (Mohamed), as a qualifying child. Mohamed was born on April 3, 1997, to Mawa Cisse, petitioner's sister, and Ibrahima Toure. Mohamed was born in Senegal. He is a resident alien in the United States. Respondent determined that petitioner did not have a qualifying child and disallowed the earned income credit.

Mohamed's Social Security card is stamped "NOT VALID FOR EMPLOYMENT". Respondent's position is that this disqualifies Mohamed as a qualifying child.

Section 32 generally provides that an eligible individual may qualify for an earned income credit. A taxpayer who has a "qualifying child" may be an eligible individual for the earned income credit. Sec. 32(c)(1)(A)(i).

A "qualifying child" is an individual who satisfies a relationship test, a residency test, an age test, and for whom the taxpayer satisfies an identification requirement. Sec. 32(c)(3); Wooten v. Commissioner, T.C. Memo. 2000-54. In this case, the identification number requirement is the only requirement that the parties disputed.

The identification number requirement is set forth in section 32(c)(3)(D)(i), which provides that a qualifying child "shall not be taken into account under subsection (b) unless the taxpayer includes the name, age and TIN [Taxpayer Identification Number] of the qualifying child on the return of tax for the taxable year."

Section 32(m) defines the term "TIN", as used in section 32(c)(3)(D)(i), as "a social security number issued to an individual by the Social Security Administration (other than a social security number issued pursuant to clause (II)(or that portion of clause (III) that relates to clause (II)) of section 205(c)(2)(B)(i) of the Social Security Act)."

Section 205(c) of the Social Security Act is codified in 42 U.S.C. section 405(c) (2003). Clause I of 42 U.S.C. section 405(c)(2)(B)(i) pertains to aliens lawfully admitted to the United States who are entitled to engage in employment in the United States. Clause II of 42 U.S.C. section 405(c)(2)(B)(i) pertains to individuals who apply for or receive benefits fully

or partially funded with Federal funds, including any child on whose behalf benefits are claimed by another person.  Clause III is not relevant.

Because Mohamed's Social Security card is stamped "NOT VALID FOR EMPLOYMENT" above the Social Security number, Mohamed is not encompassed by Clause I of 42 U.S.C. section 405(c)(2)(B)(i). Accordingly, he is covered by Clause II of 42 U.S.C. section 405(c)(2)(B)(i).  As a result, Mohamed does not have a "TIN" as defined in section 32(m) and therefore does not meet the identification number requirement in section 32(c)(3)(D). Accordingly, we find that Mohamed is not a qualifying child under section 32(c)(3), and that petitioner is not entitled to claim the earned income credit at issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.

Reporter's Note:  This report was modified by Order dated October 3, 2003.